IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARL A. LANIER                                              CV. 06-1808-KI

        Petitioner,

   v.                                              OPINION AND ORDER

BRIAN BELLEQUE

        Respondent.


ADAM SCOTT ARMS
McKanna Bishop Joffe & Arms, L.L.P.
1635 N.W. Johnson Street
Portland, OR  97209

    Attorney for Petitioner


HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

King, District Judge.

Petitioner, an inmate at Oregon State Penitentiary, brings this action pursuant to 28 U.S.C. § 2254. He challenges his sentencing and alleges ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is dismissed with prejudice.

## BACKGROUND

In 1998, Petitioner was charged in two indictments with crimes involving a teenage neighbor girl (hereafter Case 1, Counts 1-4), and crimes involving his two young children (hereafter Case 2, Counts 1-9). (Respt.'s Ex. 102.) Petitioner had separate counsel for each case, (Response, #18, 3), and the cases were consolidated for trial over defense objections. (Respt.'s Ex. 103, 1-11.) In Case 1, the jury convicted Petitioner on three counts of Rape in the Third Degree and acquitted him on one count of Rape in the Third Degree. In Case 2, the jury convicted Petitioner on four counts of Sodomy in the First Degree (Counts 1, 3, 5, 7), four counts of Sexual Abuse in the First Degree (Counts 2, 4, 6, 8), and one count of Unlawful Sexual Penetration in the First Degree (Count 9). (Respt.'s Ex. 101.)

At sentencing on December 21, 1999, the court identified aggravating factors, "each one standing alone being sufficient basis to justify a departure sentence . . . ." (Respt.'s Ex. 101, 2.) The court sentenced Petitioner to a total of 491 months imprisonment, plus post-prison supervision, in a combination of

2 - OPINION AND ORDER

concurrent and consecutive terms.[1]  (Response, #18, 3.)  Petitioner appealed, challenging the trial court's decision to deny his motion to sever the cases.  (Respt.'s Ex. 108).  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  (Respt.'s Exs. 112; 111.)  Final judgment issued May 6, 2003.

Petitioner filed for post-conviction relief ("PCR") and in his Second Amended Petition (hereafter "PCR Petition") raised five instances of ineffective assistance of trial counsel and one claim of sentencing error.  (Respt.'s Ex. 113, 2-3.)  The PCR trial court denied relief, (Respt.'s Exs. 134, 136), and Petitioner appealed. The Oregon Court of Appeals affirmed the PCR trial court decision without opinion and the Oregon Supreme Court denied review. (Respt.'s Exs. 141, 140.)

In the instant action Petitioner raises one claim of trial court error (Ground One), fifteen instances of ineffective

---

[1]Petitioner's sentence consists of:
Case 1:  Count 1 - 30 months imprisonment consecutive to time sentenced in Case 2; Counts 2 and 3 - 30 months each to be served concurrently with Count 1; 60 months post-prison supervision less time served;
Case 2:  Count 1 - 100 months mandatory minimum; Count 2 - 75 months concurrent to Count 1; Count 3 - 110 months  (100 months mandatory minimum) consecutive to Count 1; Count 4 - 75 months concurrent to Count 3; Count 5 - 116 months (100 months mandatory minimum) concurrent to Count 3; Count 6 - 75 month concurrent to Count 5; Count 7 - departure sentence of 130 months (100 months mandatory minimum) consecutive to Counts 1 and 3; Count 8 - 75 months concurrent to Count 7; Count 9 - departure sentence of 121 months (100 months mandatory minimum) consecutive to Counts 1, 3 and 7; 20 years post-prison supervision less time served. (Respt.'s Ex. 101.)

assistance of trial counsel (Ground Two, with sub-grounds), and one claim of ineffective assistance of appellate counsel (Ground Three). Respondent contends Ground One "fails to point to the real possibility of constitutional error, and [is] defaulted in any event since it was not presented to the Oregon courts as a federal question[,]" and that Grounds Two and Three were unexhausted and defaulted. (Response, #18, 1.)

## **DISCUSSION**

### Exhaustion and Procedural Default

Before a federal court may consider granting habeas corpus relief, a state prisoner must have exhausted all available state court remedies either on direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a federal habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claims to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v.* Reese, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). A claim is fairly presented when it apprises the state court of the facts and legal theory upon which the claim is premised. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). "In [the Ninth Circuit], a petitioner must make the federal basis of

4 - OPINION AND ORDER

the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law. *Insyxiengmay*, 403 F.3d at 668.  A petitioner has not fairly presented his claim if the state court must "read beyond a petition or a brief (or similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or fails to present the merits because he did not comply with applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The State can successfully assert a procedural default defense to federal habeas review unless the prisoner can show both "cause" for the procedural default and actual prejudice, or the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750; *Insyxiengmay*, 403 F.3d at 665.

A.    <u>Ground for Relief One</u>

Petitioner alleges the trial court erred when it denied defendant's motion to sever the non-consensual child abuse charges (Case 2) from the statutory rape charges (Case 1).  Respondent

5 - OPINION AND ORDER

contends Petitioner has not raised his claim as a federal question,
nor did he raise the claim as a federal question in the Oregon
courts, as is required.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*,
541 U.S. at 29, *citing Duncan*, 513 U.S. at 366 ; *Castillo*, 370 F.3d
at 886.

Petitioner concedes that neither his pleadings nor his oral
argument in state court raised a federal question, but he argues he
fairly presented a federal claim to the Oregon courts by citing
state court cases which addressed and analyzed the issue of
joinder-related prejudice.  (Memorandum, #31, 8-9.)  Petitioner's
argument is contrary to the principles for fairly presenting
federal claims set forth by the Supreme Court in *Baldwin*.  541 U.S.
at 32 ("[O]rdinarily a state prisoner does not 'fairly present' a
claim to a state court if that court must read beyond a petition or
a brief (or a similar document) that does not alert it to the
presence of a federal claim in order to find material . . . that
does so."); *see also Casey v. Moore*, 386 F.3d 896, 911-912 (9th
Cir. 2004).  Moreover, the record shows Petitioner argued this
claim exclusively on the basis of state law in his direct appeal.
(Respt.'s Ex. 108.)

Because Petitioner did not raise Ground One as a violation of
federal law or of the United States Constitution to the Oregon
courts, and the time for doing so has passed, *see* Or. R. App. Proc.
2.05; Or. Rev. Stat. 19.255, Ground One is procedurally defaulted.
Petitioner has neither demonstrated cause and prejudice, nor

demonstrated a fundamental miscarriage of justice sufficient to excuse the default. Accordingly, habeas relief on Ground One is precluded, and the Court need not address the sufficiency of Petitioner's habeas petition pleading.

    B.   <u>Grounds for Relief Two</u>

In Ground Two, Petitioner claims he was denied the adequate and effective assistance of trial counsel, in violation of the United States Constitution when:

(1) Trial Counsel failed to employ necessary defense experts to challenge the state's case [5 instances, a-e]

(2) Trial Counsel Hayes failed to properly develop and present the defense theory [6 instances, a-g]

(3) Trial Counsel White failed to object to a leading question by prosecution which suggested petitioner was lying . . . .

(4) Trial Counsels' performance was deficient by failing to investigate the Julliet House and the legislation behind regional assessment centers, community assessment services, and child abuse medical assessments to determine if the Julliet House is neutral and within the law as required by OR 418.782(3).

(5) Trial Counsel failed to object to the admission of the cumulation of both the taped and in-court testimony of Misty Lanier as prejudicial and violating state and federal constitutional standards of due process under the theory presented by the prosecution.

(Petition, #2 at 5 and Attachment B.) Respondent contends Petitioner's claims were not properly presented in state court and are procedurally defaulted. (Response #18, 1; Reply, #34, 4.) Review of the record confirms that Petitioner's claims are procedurally defaulted.

7 - OPINION AND ORDER

In his PCR petition, Petitioner specified the following deficiencies in trial counsels' representation: (1)(a) failing to pursue testing of the venereal warts on the victims and petitioner's co-defendant; (1)(b) failing to pursue the issue of credibility of pretrial interviews and taped testimony of the victims (no independent child abuse expert); (1)(c) failing to explore the possibility the victims suffered from False Memory Syndrome and/or PTSD; (1)(d) failing to investigate Petitioner's co-defendant; (2) failing to have Petitioner evaluated for sentencing purposes to determine his amenability to treatment and the possibility of future rehabilitation. (Respt.'s Ex. 113, 2-3.) Construing Petitioner's *pro se* habeas petition liberally, Ground 2.1 (a-d), and 2.2 (g) present substantially similar instances of alleged deficient representation set out in claims (1)(a-c) of his PCR Petition; Ground 2.1 (e) is substantially equivalent to claim (2) of the PCR Petition; Ground 2.2 (b, d, e) present specific instances of a more general failure to investigate claim made in (1)(d) of the PCR Petition; but, counsels' alleged deficiencies set out in Grounds 2.2 (a, c, f), 2.3, 2.4 and 2.5 were not presented in Petitioner's PCR petition.

Under Oregon law, the petition for post-conviction relief "shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired." Or. Rev. Stat. § 138.580. Because Grounds 2.2 (a, c, f), 2.3, 2.4 and 2.5 were not raised in the appropriate Oregon courts and Petitioner can

8 - OPINION AND ORDER

can no longer do so, *see* Or. Rev. Stat. 138.550 (3) (2005), these claims are procedurally defaulted. *Coleman*, 501 U.S. at 735, n.1. The remaining claims presented in Ground Two are also procedurally defaulted because they were not raised in Petitioner's appeals of the PCR trial court decision.

Petitioner raised two allegations of error in his PCR appeal, arguing denial of PCR relief was error because: (1) Petitioner's sentence was illegal under "standards set down in *Apprendi*, *Blakely*, and *Dilts*," and (2) trial counsels' and appellate counsel's representation was deficient for not addressing the illegality of Petitioner's sentence. (Respt.'s Ex. 137, 10-14.) Petitioner noted in his brief that "[i]n limiting his appeal to these two particular allegations, petitioner is not necessarily waiving forever and for all purposes the other allegations made in his petition." (Respt.'s Ex. 137 at 7.)  However, the two allegations were legally and factually distinct from those raised before the PCR trial court, and did not serve to present the claims from the PCR petition to the Oregon Court of Appeals. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (claims of ineffective assistance of counsel require that the petitioner present specific acts or omissions to show counsel's representation fell below an objective standard of reasonableness); *Insyxiengmay*, 403 F.3d at 668 (claim is fairly presented when it apprises the state court of the facts and legal theory upon which it is premised).

9 - OPINION AND ORDER

Furthermore, in his Petition for Review to the Oregon Supreme Court, Petitioner's relied on the arguments presented to the Oregon Court of Appeals, (Respt.'s Ex. 139, 1), and, thus, again failed to fairly present the claims from his PCR Petition. Accordingly, Petitioner did not exhaust his state remedies on the claims in his PCR Petition. Because he cannot again seek state post-conviction relief, *see* Or. Rev. Stat. 138.550 (3) (2005), these claims are procedurally defaulted. *Coleman*, 501 U.S. at 735, n.1. Petitioner has made no showing of cause and prejudice to excuse his procedural default, nor has he demonstrated that a fundamental miscarriage of justice will result if his claims are not considered. Habeas relief as to Ground Two is, therefore, precluded.

C.   Ground for Relief Three

In Ground Three Petitioner alleges he was denied adequate and effective assistance of appellate counsel, in violation of the United States Constitution when "appellate counsel failed to assign as error the trial court's refusal to sever the trial of [Case 1] from that of [Case 2]." (Petition, #2 at 6 and Attachment C.) The record shows Petitioner did not raise this claim in his state PCR proceedings and, therefore, did not exhaust his state remedies. Because Petitioner cannot again seek post-conviction relief, the claim is procedurally defaulted. *See* Or. Rev. Stat. 138.550 (3); *Coleman*, 501 U.S. at 735, n.1. Petitioner makes no showing to excuse his default and, accordingly, habeas relief as to Ground Three is precluded.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED and this proceeding dismissed with prejudice.

IT IS SO ORDERED.

DATED this _____21st_____ day of October, 2008.

                                    /s/ Garr M. King
                                    Garr M. King
                                    United States District Judge

11 - OPINION AND ORDER